IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAURA MCKNIGHT, TRISHA TURNER, ANDREW BAKER, RACHAEL FREEDMAN, KIMBERLY MCCRAY, and MARGO MORENO, | § § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | Civil Action No. H-09-3345 |
| D. HOUSTON, INC. D/B/A TREASURES,  A.H.D. HOUSTON, INC. D/B/A CENTERFOLDS, D N.W. HOUSTON, INC. D/B/A GOLD CUP, D. RANKIN, INC. D/B/A TROPHY CLUB, D WG FM, INC. D/B/A SPLENDOR, W.L. YORK, INC. D/B/A COVER GIRLS, AND, IN THEIR INDIVIDUAL CAPACITIES, ALI DAVARI and HASSAN DAVARI, | § § § § § § § § § § § § | Jury Trial Demanded |
| Defendants. | § | |

**DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants D. Houston, Inc. d/b/a Treasures, A.H.D. Houston, Inc. d/b/a Centerfolds, D N.W. Houston, Inc. d/b/a Gold Cup, D. Rankin, Inc. d/b/a Trophy Club, D WG FM, Inc. d/b/a Splendor, W.L. York, Inc. d/b/a Cover Girls, and, in their individual capacities, Ali Davari and Hassan Davari, file their response to plaintiffs' motion to compel discovery.

  1.  This lawsuit was filed on October 15, 2009 and the initial pretrial and

scheduling conference is set for February 26, 2010. Therefore, the deadline for the parties to have their Rule 26(f) conference is February 5, 2010 and the deadline for filing the joint case management plan is February 16, 2010.

2.     As of the date of the motion to compel, plaintiffs had not served any formal discovery requests on defendants. Plaintiffs had, however, requested dates for the depositions of the corporate representatives of defendants "with the most knowledge of the credit card charge practices at each of the defendant clubs, including but not limited to: 1) the way that dancers, bartenders and servers are servers are charged for a customer's use of a credit card; 2) the credit card service charge to the defendants for using MasterCard, Visa, AmEx, etc; and 3) the identities of any third-party credit card charge service provider (i.e. any entity that provides the credit card charge machines to any defendant)." *See* Email dated November 10, 2009 from Martin Shellist to Lauren Serper and Albert T. Van Huff, attached as Exhibit A. Plaintiffs had also requested dates for the depositions of defendants' corporate representatives regarding the "establishment of the credit card charge policies as they relate to dancers, waitresses and bartenders, including the manner in which the defendants receive any renumeration from dancers' activities which are charged on credit cards." *Id*.

3.     Defendants initially responded to the aforementioned request for deposition dates by pointing out that as of the date of the request defendants had not filed their answer to the complaint and that Rule 26(d) prohibits discovery from

2

any source before the parties have conferred as required by Rule 26(f). *See* Email dated November 11, 2009 from Albert T. Van Huff to Martin Shellist, attached as Exhibit B. Defendants also informed plaintiffs that there are several issues that need to be addressed with regard to this case before defendants will agree to schedule depositions such as those that were prematurely requested by plaintiffs. Included among these issues are:

    a.    The only defendant that has employed any of the plaintiffs during the past 3 years is Treasures;

    b.    None of the 6 plaintiffs have filed written consents as required by 29 U.S.C. § 255 to become party plaintiffs in this case; and

    c.    The financial records of Treasures indicate the cost of liquidating the credit card charges at issue is equivalent to the 5% fee that plaintiffs claim is unlawful. [1] [2]

*See* Email dated November 23, 2009 from Albert T. Van Huff to Martin Shellist, attached as Exhibit C.

---

[1] For example, for the period January, 2009 through June, 2009, the relevant credit card sales at Treasures was $10,777,904.76, the credit card processing fees totaled $277,166.50, and the credit card chargebacks were $266,070.00, which demonstrates that the cost of liquidating the credit card tips was 5.04% for this time period.

[2] With regard to plantiffs' erroneous description of the procedures in place for credit card transactions involving what they refer to as topless entertainers, there are no "credit card processing fees" collected from the entertainers. The women who are employed as entertainers in defendants' clubs work on a commission sale basis, pursuant to 29 U.S.C. § 207(i) of the Fair Labor Standards Act. Each dancer is responsible for selling dances to customers. The defendants set the minimum price at $25.00 per dance. However, a dancer may negotiate different rates with her customers based on a variety of factors. Of the dance fee that is charged, the entertainer receives 80% as a commission. The remaining 20% is retained by the house. This commission percentage is the same regardless of the amount charged for a dance. A dance card record is kept of all the dances performed for a customer. The dance record is verified by the customer and then charged to his credit card or paid for in cash. The money paid for the dance is taken as part of the club's gross receipts and the dancer's 80% commission is then paid to her, in cash, at the end of her shift.

4.  Because none of the plaintiffs were employed by defendants Centerfolds, Gold Cub, Trophy Club, Splendor, or Cover Girls during the relevant time period (even assuming that such time period is 3 years), discovery as to these entities should not be allowed until plaintiffs justify the inclusion of these defendants in this case.  Defendants intend to ask the court to quash any discovery requests directed to these defendants on the basis that such defendants are not proper parties to this case.  Discovery, if any, as to these defendants should be limited to the issue of whether they employed any of the plaintiffs because if these defendants never employed any of the plaintiffs, they should be dismissed from this suit and, in the interim, be protected from pointless and harassing discovery as to their employment policies and procedures.

5.  Additionally, because the plaintiffs have not filed consents to join this collective action suit, their causes of action against the defendants have not accrued as they have not joined the class and this suit has not legally commenced against the defendants.  *See Moran v. Ceiling Fans Direct, Inc*.; 2008 WL 110429, *2 (S.D. Tex. 2008; *Songu-Mbriwa v. Davis Memorial Goodwill Industries*; 144 F.R.D. 1, 2 (D.D.C. 1992); *Kuhn v. Philadelpia Elec. Co.*, 487 F.Supp. 974, 976 (E.D. Pa. 1980, aff'd 745 F.2d 47 (3rd Cir. 1984).  Until this suit has legally commenced against defendants, discovery is improper and defendants intend to move to quash any discovery requests until all of the named plaintiffs have filed consents as required by law.

6. Moreover, because the financial records of Treasures indicate the cost of liquidating the credit card charges at issue is equivalent to the 5% fee at issue in this case, plaintiffs' case is ultimately without merit because a showing of 5% in costs incurred in liquidating the credit card tips by Treasures would be dispositive. Treasures can make such a showing based upon the relevant credit card sales, credit card transaction fees, and credit card charge backs. *See Meyers v. Copper Cellar Corp.*, 192 F.3d 546, 553 (6th Cir. 1999); *Bollenberg v. Landry's Restaurant*, 2005 WL 2121810 *3-4 (S.D. Tex. 2005). The court should therefore require plaintiffs to show that there is at least a fact issue as to the alleged illegality of the 5% fee prior to allowing discovery to proceed into other issues and prior to allowing this case to proceed on a collective action basis.

7. Based upon the foregoing, plaintiffs' motion to compel discovery and request for expedited hearing should be denied. Any formal discovery requests that are served on defendants when the discovery period opens in 2 weeks should be dealt with by the defendants and the court (if necessary) on a case by case basis because of the issues mentioned above.

8. WHEREFORE, defendants pray that plaintiffs' motion is denied and for all other relief to which they are entitled.

        Respectfully submitted,

By: /s/ Albert T. Van Huff
ALBERT T. VAN HUFF
Texas Bar No. 24028183
Souther District No. 26968
1225 North Loop West, Suite 640
Houston, Texas 77008
Tel. (713) 880-2992
Fax (713) 880-5297

ATTORNEY FOR DEFENDANTS

## Certificate of Service

    The undersigned hereby certifies that a true and correct copy of the foregoing document was forwarded to counsel for the parties via electronic filing on the 26th day of January, 2010.

/s/ Albert T. Van Huff
ALBERT T. VAN HUFF