IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAURA MCKNIGHT, ET AL., | § § § | |
| Plaintiffs, | § § | |
| V. | § § | Civil Action No. H-09-3345 |
| D. HOUSTON, INC. D/B/A TREASURES, ET AL., | § § § § | |
| Defendants. | § | Jury Trial Demanded |

### AFFIDAVIT OF HASSAN DAVARI

STATE OF TEXAS §
COUNTY OF HARRIS   §

On this day, Hassan Davari appeared before me, the undersigned notary public, and after I administered an oath to him, upon his oath, he said:

1. "My name is Hassan Davari. I am over the age of twenty-one years, of sound mind, and competent to make this affidavit. The facts stated within this affidavit are within my personal knowledge and are true and correct.

2. I am an officer (vice president) and director of D. Houston, Inc. d/b/a Treasures, A.H.D. Houston, Inc. d/b/a Centerfolds, D N.W. Houston, Inc. d/b/a Gold Cup, D. Rankin, Inc. d/b/a Trophy Club, D WG FM, Inc. d/b/a Splendor, and W.L. York, Inc. d/b/a Cover Girls.

3. The sole shareholder of D. Houston, Inc. d/b/a Treasures, A.H.D. Houston, Inc. d/b/a Centerfolds, D N.W. Houston, Inc. d/b/a Gold Cup, D. Rankin, Inc. d/b/a Trophy Club, D WG FM, Inc. d/b/a Splendor, and W.L. York, Inc. d/b/a Cover Girls is D. Texas Investments, Inc, a holding company.

4. D. Houston, Inc. d/b/a Treasures, A.H.D. Houston, Inc. d/b/a Centerfolds, D N.W. Houston, Inc. d/b/a Gold Cup, D. Rankin, Inc. d/b/a Trophy Club, D WG FM, Inc. d/b/a Splendor, and W.L. York, Inc. d/b/a Cover Girls are Texas corporations that conduct business in Harris County, Texas.

5. D. Houston, Inc. d/b/a Treasures, A.H.D. Houston, Inc. d/b/a Centerfolds, D N.W. Houston, Inc. d/b/a Gold Cup, and D WG FM, Inc. d/b/a Splendor are currently operational, while D. Rankin, Inc. d/b/a Trophy Club and W.L. York, Inc. d/b/a Cover Girls closed for business on October 9, 2009 and January

17, 2007, respectively.

6. Although D. Houston, Inc. d/b/a Treasures, A.H.D. Houston, Inc. d/b/a Centerfolds, D N.W. Houston, Inc. d/b/a Gold Cup, D. Rankin, Inc. d/b/a Trophy Club, D WG FM, Inc. d/b/a Splendor, and W.L. York, Inc. d/b/a Cover Girls are owned by the same holding company, which has not been named as a defendant in this case, each business maintains its own location and has its own management team, bank accounts, liquor license, payroll, federal employer identification number, and Texas comptroller account number.

7. Treasures relevant credit card sales, credit card processing fees, and credit card charge backs indicate the cost of liquidating the credit card charges at issue is equivalent to the 5% fee that plaintiffs claim is unlawful. For example, for the period January, 2008 through June, 2008, the relevant credit card sales at Treasures was $11,240,710.49, the credit card processing fees totaled $290,145.00, and the credit card charge backs were $293,147.00, which demonstrates that the cost of liquidating the credit card tips was 5.19% for this period. Similarly, for the period. January, 2009 through June, 2009, the relevant credit card sales at Treasures was $10,777,904.76, the credit card processing fees totaled $277,166.50, and the credit card charge backs were $266,070.00, which demonstrates that the cost of liquidating the credit card tips was 5.04% for this time period. These samples are demonstrative of other six months periods during the relevant period at Treasures and the other corporate defendants in this case.

8. With regard to the alleged 80% / 20% split between the exotic dancers and the corporate defendants in connection with dance income, the dancers are commissioned salespeople that are retain 80% of their sales from dance income derived from their performances at the businesses, while the businesses retain 20% of their sales from dance income derived from their performances as profit. There is absolutely no relationship between this dynamic and the aggregate of the credit card companies' processing fees or the losses caused by charged customer obligations (including any attendant credited gratuities) which, for whatever reason, ultimately were not collectable.

9. With regard to D. Houston, Inc. d/b/a Treasures, A.H.D. Houston, Inc. d/b/a Centerfolds, D N.W. Houston, Inc. d/b/a Gold Cup, D. Rankin, Inc. d/b/a Trophy Club, D WG FM, Inc. d/b/a Splendor, and W.L. York, Inc. d/b/a Cover Girls, there is no centralized control of labor relations among these businesses because each business has its own interviewing and hiring process, independent control over its relationship with its employees, and determines independently issues such as the percentage of tips to withhold from credit card charges.

FURTHER AFFIDAVIT SAITH NOT.

_____
Hassan Davari

SUBSCRIBED AND SWORN TO BEFORE ME, on this 3rd day of June, 2010.

[Notary Seal: Christie B Jacob, My Commission Expires 10/02/2010, State of Texas]

_____
Notary Public in and for
The State of Texas

3