**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LAURA MCKNIGHT, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-09-3345 |
| | § | |
| D. HOUSTON, INC., d/b/a TREASURES, | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

I.     **Background**

This is a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201,

*et seq.*  Laura McKnight and five other plaintiffs have sued six strip clubs in Houston, along with

the owners and operators.  Five plaintiffs were servers and one was a bartender at a club called

"Treasures."  One of the servers also worked for a time at a club called "Centerfolds."  The plaintiffs

allege that the defendants illegally withheld tip income charged on credit cards.  On November 18,

2010, this court conditionally certified a class consisting of "bartenders and servers who worked at

Treasures and Centerfolds from October 15, 2007, until the present."  (Docket Entry No. 46).

On December 2, the defendants filed an expedited motion for a protective order.  (Docket

Entry No. 47).  They ask this court to forbid the plaintiffs and their attorneys from using the class

members' contact information "for any purpose other than the mailing of the court-approved notice,"

or, alternatively, to require "specific approval from the court for any mailings, emails, phone calls

or communications with potential opt-in plaintiffs other than the court-approved notice."  (*Id.* at 9).

The defendants argue that without such an order, the plaintiffs will be able to recruit more plaintiffs

under the guise of contacting fact witnesses, undermining the purpose of court-approved notice to potential class members.  The plaintiffs argue that a protective order is unwarranted.  (Docket Entry No. 48).

Based on the motion, the response, the record, and the applicable law, this court denies the defendants' motion for a protective order.  The reasons are explained below.

## II.    The Legal Standard

"Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and the parties."  *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981).  The same rule applies in FLSA collective actions under 29 U.S.C. § 216(b).  *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989).  In a collective action, "employees [must] receiv[e] accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."  *Id.* at 170.  To prevent potential class members from receiving inaccurate information, courts have limited defendants' communications to potential class members.  *See, e.g.*, *Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150, 164 (N.D. N.Y. 2008).  The need for limitations on counsel contact with potential class members is strongest during the opt-in period, when potential plaintiffs must decide whether to join the litigation.  *See Gordon v. Kaleida Health*, — F. Supp. 2d —, 2010 WL 3395543, at *10 (W.D. N.Y. 2010) (distinguishing *Ruggles*).  "[A]n order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties."  *Gulf Oil*, 452 U.S. at 101.  Courts should not issue limiting orders in the absence of "evidence of coercive, misleading, or improper communications."  *Jackson v. Papa*

2

*John's USA, Inc.*, 2009 WL 650181, at *2 (N.D. Ohio Mar. 10, 2009); *see also Gordon*, 2010 WL 3395543, at *5 (collecting authorities).

## III.    Analysis

The defendants argue that communications ban is necessary to prevent solicitation of clients under the guise of contacting fact witnesses.  In support, they cite portions of McKnight's deposition testimony in which McKnight explains that she spoke to the individuals who are now her coplaintiffs about her plans to file a lawsuit and gave them her attorney's contact information.  They also point to inconsistencies between the practices alleged by the plaintiffs in their declarations and described in their depositions, and conclude that "[t]he dynamic between the unlawful solicitations to join the suit and the subsequent substantial inconsistencies between the declarations that were filed in support of the motion for notice to class members and the deposition testimony of the plaintiffs suggests some level of impropriety or inaccuracy with regard to the pre-suit solicitations and communications that occurred in this case."  (Docket Entry No. 47 at 5–6).

This evidence falls short of the "evidence of coercive, misleading, or improper communications" necessary to impose the type of order the defendants seek.  *See Jackson*, 2009 WL 650181, at *2.  There is no evidence that McKnight's precertification communications with her coplaintiffs were misleading or coercive.  There is also no evidence that the plaintiffs plan to engage in improper communications going forward.  *Gulf Oil* cautioned against protective orders that make it "more difficult [for counsel] . . . to obtain information about the merits of the case from the persons they sought to represent."  452 U.S. at 101.  The record does not support a protective order to prevent misleading or otherwise abusive communications by plaintiffs and their counsel.

## IV.    Conclusion

The defendants' expedited motion for a protective order is denied on the present record.

SIGNED on December 8, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge